Filed 8/1/14  P. v. Ryan CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# **COPY**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C074832 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CRF111676, CRF121333) |
| v. | |
| JUSTIN LEE RYAN, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

BACKGROUND

<u>Case No. CRF111676</u> - In July 2011, Deputy Sheriff Steven Traynor attempted a traffic stop of defendant.  As Traynor approached the car, the defendant sped away. Traynor pursued with his siren and emergency lights activated.  Defendant's car reached speeds of up to 55 miles per hour.  Defendant jumped out of the still moving vehicle and

1

ran away. A search of the area did not locate defendant. A search of the abandoned vehicle revealed a cell phone and a shotgun with an unexpended shell. The cell phone ultimately led law enforcement to defendant and he was arrested.

Case No. CRF121333 - In June 2012, defendant "knowingly harbored a principal to a felony . . . with the intent to assist the principal in evading arrest." At the time of that offense, defendant had been "charged with a felony on which judgment was not yet final."

In case No. CRF111676, an information charged defendant with evading a police officer with willful or wanton disregard for the safety of persons or property. (Veh. Code, § 2800.2.) The information also alleged six prior prison term enhancements. (Pen. Code, § 667.5, subd. (b).)[1] In case No. CRF121333, a complaint charged defendant with being an accessory to a felony (§ 32) and further alleged defendant was released on bail or on his own recognizance on a prior felony offense at the time. (§ 12022.1.)

Defendant entered a negotiated plea on both cases. He pleaded guilty to the evading charge and admitted one prior prison term enhancement in exchange for a stipulated term of four years in prison. The remaining enhancement allegations were stricken by the trial court. Defendant also pleaded guilty to harboring a felon and admitted the on-bail enhancement in exchange for a stipulated consecutive sentence of two years eight months in state prison.

Prior to sentencing, defendant requested new counsel be appointed to determine if there were grounds to withdraw his pleas. The trial court declared a conflict and appointed new counsel. Ultimately, defendant withdrew his request to withdraw his plea in exchange for the prosecution's agreement to dismiss five other cases which were on calendar.

---

[1] Undesignated statutory references are to the Penal Code.

The trial court denied probation and sentenced defendant in accordance with the plea agreements. In case No. CRF111676, the trial court sentenced defendant to an aggregate term of four years, and in case No. CRF121333, to a consecutive term of two years eight months. The trial court imposed various fines and fees and awarded defendant 846 days of presentence custody credits. The trial court denied defendant's request for a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende, supra*, 25 Cal.3d 436, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. We have undertaken an examination of the entire record pursuant to *Wende*, and we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      HULL      , Acting P. J.

We concur:


      MURRAY      , J.


      HOCH      , J.

3